Dear Mr. Smith:
This letter is in response to your request for an opinion asking as follows:
 Do the provisions of section 79.220, RSMo, which grant to the mayor of a fourth class city the power to remit fines and grant pardons for violations of municipal ordinances conflict with section 479.020, RSMo, which made municipal courts divisions of the circuit court and municipal judges subject to the rules of the circuit court?
Section 79.220, RSMo, to which you refer, provides:
 The mayor shall have power to remit fines and forfeitures, and to grant reprieves and pardons for offenses arising under the ordinances of the city; but this section shall not be so construed as to authorize the mayor to remit any costs which may have accrued to any officer of said city by reason of any prosecution under the laws or ordinances of such city.
It is clear that repeals by implication are not favored.Matter of Additional Magistrates for St. Louis County, 580 S.W.2d 288
(Mo. 1979). Likewise, the power to grant reprieves and pardons is distinct from the power to sentence, and such powers are different in their origin and nature since the exercise of the power to grant reprieves and pardons is confided to the executive branch, whereas the exercise of the power to sentence is confided through the judicial department. Ex Parte Thornberry,254 S.W. 1087 (Mo. Banc 1923).
Therefore, it is our view that the power granted the mayor under § 79.220 to remit fines and forfeitures and to grant reprieves and pardons for offenses arising under the ordinances of the city has not been affected by the constitutional or statutory changes in the operation and status of the municipal courts.
Very truly yours,
 JOHN ASHCROFT Attorney General